3RD JUDICIAL DISTRICT COURT
DONA ANA COUNTY NM
FILED IN MY OFFICE
5/25/2017 5:06:31 PM
CLAUDE BOWMAN
Veronica Carrasco

STATE OF NEW MEXICO
COUNTY OF DONA ANA
THIRD JUDICIAL DISTRICT COURT

FLORA A. MONTOYA,
    Plaintiff,

vs.

No.   D-307-CV-2017-01498

Arrieta, Manuel I.

BILLY WILEY, individually;
BILLY WILEY d/b/a BILLY WILEY
TRUCKING, INC.; and BILLY WILEY
TRUCKING, INC.
    Defendants.

## PLAINTIFF'S COMPLAINT FOR DAMAGES AND PERSONAL INJURY

**TO THE HONORABLE JUDGE OF SAID COURT:**

*Comes now*, Plaintiff, Flora A. Montoya, by and through her attorneys of record, Charles J. Ruhmann, John Lomax Anderson, and the Ruhmann Law Firm, and files this complaint for damages complaining of and about Defendants, Billy Wiley, individually; Billy Wiley d/b/a Billy Wiley Trucking, Inc.; and Billy Wiley Trucking, Inc., (hereinafter collectively referred to as "Defendants"), and for cause of action, respectfully shows as follows.

### PARTIES AND JURISDICTION

1.     Plaintiff **FLORA A. MONTOYA** is a resident of Las Cruces, Dona Ana County, New Mexico.

2.     Defendant Billy Wiley (individually), is an individual residing in Pulaski County, Arkansas. Said Defendant may be served with process at the following address: 11024 Short Marche Rd., Little Rock, Arkansas 72113, or wherever else he may be found.

Complaint      Page 1

**EXHIBIT A**

3. Defendant Billy Wiley d/b/a Billy Wiley Trucking, Inc. is an individual with an assumed name and/or doing business under the name "Billy Wiley Trucking, Inc." Said Defendant can be served with process through the process agent it registered with the U.S. Department of Transportation: Process Agent Service Company, Inc., c/o Stephen Smith, 1206 Garrison Avenue, Fort Smith Arkansas, 72901, or wherever else said agent may be found.

4. Defendant Billy Wiley Trucking, Inc. is an Arkansas for-profit domestic corporation. Said Defendant may be served with process through its registered agent, Billy Wiley, at 305 McFadden Rd., Austin, Arkansas, 72007, or wherever else said agent may be found.

5. This Court has jurisdiction of this cause of action, and venue is proper because: (a) the subject incident occurred in Dona Ana County, New Mexico, and (b) Plaintiff is a resident of Dona Ana County, New Mexico.

## GENERAL ALLEGATIONS

6. The allegations of the preceding and succeeding paragraphs are incorporated herein and at full length by this reference.

7. On or about June 25, 2014, Plaintiff Flora A. Montoya was driving her vehicle, a grey 2004 Chevrolet pick-up truck, in a reasonable and prudent manner in Dona Ana County, New Mexico, exercising ordinary care for her safety and the safety of others. Plaintiff was headed westbound in the right-hand lane of W. Picacho Ave., near the intersection of N. Valley Drive.

8. At the same place, date, and time, Defendant Billy Wiley was driving a commercial tractor trailer on W. Picacho Ave., in the same direction as Plaintiff, and in the parallel lane to Plaintiff's left. Defendant Billy Wiley failed to maintain his lane of travel, however, and instead negligently weaved into Plaintiff's lane of travel, violently colliding with Plaintiff's vehicle.

9. The commercial tractor-trailer driven by Defendant Billy Wiley belonged to and wad negligently entrusted to him by Defendant Billy Wiley Trucking, Inc. (and/or Defendant Billy Wiley d/b/a Billy Wiley Trucking, Inc.). Further, Defendant Billy Wiley was acting within the course and scope of his employment with Defendant Billy Wiley Trucking, Inc. (and/or Defendant Billy Wiley d/b/a Billy Wiley Trucking, Inc.) at the time he negligently caused the subject collision. As such, Defendant Billy Wiley Trucking, Inc. and/or Defendant Billy Wiley d/b/a Billy Wiley Trucking, Inc. are vicariously liable for Billy Wiley's acts and omissions via the doctrine of *respondeat superior*, and/or other law.

10. The negligent and/or grossly negligent acts and/or omissions of Defendants, taken singularly and/or in any combination, individually and/or collectively and/or cumulatively, constituted a proximate cause of the subject automobile collision, and thus the resulting damages and injuries suffered by Plaintiff.

## COUNT I – NEGLIGENCE BY DEFENDANT BILLY WILEY

11. Defendant Billy Wiley, while acting within the scope and authority of his employment with Defendant Billy Wiley Trucking, Inc. and/or Defendant Billy Wiley d/b/a Billy Wiley Trucking, Inc., was negligent and/or grossly negligent in the following respects:

   a. by failing to control the speed of the commercial tractor-trailer;

   b. by failing to keep a proper lookout;

   c. by failing to slow and stop the commercial tractor-trailer in order to avoid the collision;

   d. by failing to exercise ordinary care for the safety of others;

   e. by failing to keep said commercial tractor-trailer under proper control;

   f. by operating said commercial tractor-trailer in a negligent manner;

g. driver inattention;

h. by operating a commercial tractor-trailer while fatigued;

i. by operating the commercial tractor trailer in violation of the FMCSA's regulations, including, but not limited to the regulations that governed his permissible hours of service;

j. by operating a commercial tractor-trailer despite being unfit and/or unqualified to operate a commercial tractor-trailer;

k. by driving the commercial tractor-trailer at an excessive rate of speed;

l. by driving the commercial tractor-trailer at a speed that was unsafe for the traffic conditions that existed at the time;

m. by failing to use the brakes to slow or stop the commercial tractor-trailer so as to prevent hitting Plaintiff's vehicle;

n. by failing to properly maintain and/or inspect the commercial tractor-trailer, and/or by operating it in a defective or unsafe condition;

o. by failing to maintain his lane of travel;

p. *alternatively*, by failing to signal any intent to change lanes; and

q. other negligent and/or grossly negligent acts and/or omissions.

12. Each of the aforementioned negligent and/or grossly negligent acts or omissions by Defendant Billy Wiley, taken singularly and/or in any combination, individually and/or collectively and/or cumulatively with the acts and/or omissions of the other Defendants, constituted a proximate cause of the subject automobile collision, and thus the resulting damages and injuries suffered by Plaintiff.

13. Further, Defendants Billy Wiley Trucking, Inc. and Defendant Billy Wiley d/b/a Billy Wiley Trucking, Inc. are vicariously liable for the negligent and/or grossly negligent acts

and/or omissions of their employee, Billy Wiley, via the doctrine of *respondeat superior* and/or other law.

## COUNT II – NEGLIGENCE OF DEFENDANTS BILLY WILEY TRUCKING, INC. AND BILLY WILEY d/b/a BILLY WILEY

14.  Defendants Billy Wiley Trucking, Inc. and Defendant Billy Wiley d/b/a Billy Wiley Trucking, Inc. were negligent and/or grossly negligent in the following respects:

   a.   vicariously, through the doctrine of *respondeat superior* and/or other law, and by and through the negligent and/or grossly negligent acts and/or omissions of their employee, Billy Wiley;

   b.   by permitting, encouraging, and/or requiring Billy Wiley to operate a commercial tractor-trailer while fatigued;

   c.   by permitting, encouraging, and/or requiring Billy Wiley to operate a commercial tractor-trailer in violation of the FMCSA's regulations, including but not limited to the regulations that governed his permissible hours of service;

   d.   by permitting, encouraging, and/or requiring Billy Wiley to operate a commercial tractor-trailer despite that he was unfit and/or unqualified to operate a commercial tractor-trailer;

   e.   by failing to follow the management practices required of motor carriers by the FMCSA's regulations;

   f.   by failing to properly maintain and/or inspect the commercial tractor-trailer;

   g.   by permitting, encouraging, and/or requiring Billy Wiley to operate the commercial tractor-trailer in a defective or unsafe condition;

   h.   by failing to adequately maintain, audit, and periodically review the trip, duty, hours of service, vehicle, and other related records required of motor carriers and commercial truck drivers by the FMCSA;

   i.   other negligent and/or grossly negligent acts omissions.

   j.   *Additionally, to the extent that Billy Wiley, individually, was also the owner and/or manager of Billy Wiley Trucking, Inc., he, too, is guilty of negligence for each of the reasons listed immediately above in points (a) through (i).*

15. Each of the aforementioned negligent and/or grossly negligent acts or omissions by Defendants Billy Wiley Trucking, Inc. and Billy Wiley d/b/a Billy Wiley Trucking, Inc., taken singularly and/or in any combination, individually and/or collectively and/or cumulatively with the acts and/or omissions of the other Defendants, constituted a proximate cause of the subject automobile collision, and thus the resulting damages and injuries suffered by Plaintiff.

## COUNT III – NEGLIGENT ENTRUSTMENT, NEGLIGENT HIRING AND/OR NEGLIGENT RETENTION, NEGLIGENT TRAINING, AND NEGLIGENT SUPERVISION BY DEFENDANTS BILLY WILEY TRUCKING, INC. AND BILLY WILEY d/b/a BILLY WILEY

16. Defendants Billy Wiley Trucking, Inc. and Billy Wiley d/b/a Billy Wiley Trucking, Inc., were negligent and/or grossly negligent in entrusting their employee, Billy Wiley, with a commercial tractor-trailer, and in in hiring and/or retaining Billy Wiley as an employee, and in training and supervising Billy Wiley, in the following respects:

   a. by negligently entrusting a commercial tractor-trailer to Billy Wiley despite having knowledge and/or readily available knowledge that he was not fit and/or qualified to operate a commercial tractor trailer, and/or was an unlicensed or reckless driver;

   b. by permitting, encouraging, and/or requiring Billy Wiley to operate a commercial tractor-trailer while fatigued;

   c. by permitting, encouraging, and/or requiring Billy Wiley to operate a commercial tractor-trailer in violation of the FMCSA's regulations, including but not limited to the regulations that governed his permissible hours of service;

   d. by permitting, encouraging, and/or requiring Billy Wiley to operate a commercial tractor-trailer despite that he was unfit and/or unqualified to operate a commercial tractor-trailer;

   e. by failing to follow the management practices required of motor carriers by the FMCSA's regulations;

   f. by permitting, encouraging, and/or requiring Billy Wiley to operate the commercial tractor-trailer in a defective or unsafe condition;

h. by failing to adequately maintain, audit, and periodically review the trip, duty, hours of service, vehicle, and other related records required of motor carriers and commercial truck drivers by the FMCSA;

i. by negligently hiring and/or retaining Billy Wiley as an employee despite having knowledge and/or readily available knowledge that he was not fit and/or qualified to operate a commercial tractor trailer, and/or was an unlicensed or reckless driver;

j. by failing to adequately train, supervise, and/or instruct Billy Wiley about the requisites of New Mexico traffic law and/or the regulations of the FMCSA;

k. other negligent and/or grossly negligent acts omissions.

l. *Additionally, to the extent that Billy Wiley, individually, was also the owner and/or manager of Billy Wiley Trucking, Inc., he, too, is guilty of negligence for each of the reasons listed immediately above in points (a) through (k).*

17. Each of the aforementioned negligent and/or grossly negligent acts or omissions by Defendants Billy Wiley Trucking, Inc. and Billy Wiley d/b/a Billy Wiley Trucking, Inc., taken singularly and/or in any combination, individually and/or collectively and/or cumulatively with the acts and/or omissions of the other Defendants, constituted a proximate cause of the subject automobile collision, and thus the resulting damages and injuries suffered by Plaintiff.

## PLAINTIFF'S DAMAGES

18. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff incurred the following damages:

a. Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Dona Ana County, New Mexico.

b. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

c. Physical pain and suffering in the past;

  d.  Physical pain and suffering in the future;

  e.  Physical impairment and disfigurement in the past;

  f.  Physical impairment and disfigurement which in all reasonable probability, will be suffered and continued in the future; and

  g.  Property damage and loss of use.

19. By reason of all of the above, Plaintiff suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## PRAYER FOR RELIEF

Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final hearing of this cause, Plaintiff has judgment against the Defendants, individually and/or collectively, singularly and/or in combination, for damages in an amount within the jurisdictional limits of the Court; together with prejudgment interest at the legal rate allowed by law; post-judgment interest at the legal rate, cost of court and such other and further relief to which the Plaintiff may be justly entitled at law or in equity.

Respectfully submitted,

**RUHMANN LAW FIRM**
5915 Silver Springs, Bldg. 1
El Paso, Texas 79912
(915) 845-4529
(915) 845-4534 Fax

BY:

/s/ *Charles J. Ruhmann, IV*
**CHARLES J. RUHMANN, IV**
cruhmann@ruhmannlaw.com
**JOHN LOMAX ANDERSON**
janderson@ruhmannlaw.com
*Attorneys for Plaintiff*